UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLON DUNLAP,

        Petitioner,                              Case No. 07-CV-11774
                                                         HON. AVERN COHN

v.

MARY BERGHUIS,

        Respondent.
_____/

## MEMORANDUM AND ORDER DISMISSING PETITION

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Allon Dunlap (Petitioner) is a state inmate who has filed a <u>pro se</u> petition for a writ of habeas corpus alleging that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's office, has filed an answer asserting that the petition must be dismissed for failure to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). The Court agrees. For the reasons which follow, the petition will be dismissed.

II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted on September 28, 2000 of armed robbery, felonious assault, possession of a firearm during the commission of a felony, and felony firearm. He was sentenced to concurrent terms of life imprisonment on each of the murder conviction and 40 to 60 years

imprisonment on the assault with intent to commit murder conviction and two years consecutive on the felony firearm conviction. Petitioner's convictions stem from the shooting deaths of two men and the shooting of another.

In September 2000, Petitioner filed his claim of appeal to the Michigan Court of Appeals within the appropriate time. In August 2001, Petitioner, through counsel filed a brief, raising three issues. On June 18, 2002, the Michigan Court of Appeals issued a per curiam decision opinion affirming Petitioner's conviction but remanded the case to the trial court for correction of a clerical error pertaining to a pre-trial motion. People v. Dunlap, No. 231228 (Mich. Ct. App. June 18, 2002) (unpublished). Petitioner filed a pro se application for leave to appeal to the Michigan Supreme Court, raising the same claims presented to the court of appeals. On December 30, 2002, the Michigan Supreme Court denied leave to appeal in a standard order. People v. Dunlap, No. 122057, 467 Mich. 935 (2002). Petitioner did not seek certiorari.

On April 30, 2003, Petitioner filed a pro se motion for relief from judgment in the trial court under M.C.R. 6508(D), presenting issues not raised on direct appeal. On October 19, 2004, the trial court denied the motion on the grounds that Petitioner failed to established "good cause" for not presenting the issues on direct appeal. People v. Dunlap, No. 99-001337 (Wayne Co. Cir. Ct. Oct. 19, 2004). At some point thereafter, Petitioner filed a motion for reconsideration.

Meanwhile, on October 31, 2005, Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment. Petitioner also filed a motion to remand for an evidentiary hearing and a motion to hold the application for leave to appeal in abeyance.

2

On November 3, 2005, the trial court denied Petitioner's motion for reconsideration. People v. Dunlap, No. 99-001337 (Wayne Co. Cir. Ct. Nov. 3, 2005).

On November 10, 2005, the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal the trial court's October 19, 2004 order and Petitioner's motion for remand and motion to hold in abeyance on the grounds that Petitioner "failed to file the application within 12 months of the entry of the October 2004 order." People v. Dunlap, No. 266254 (Mich. Ct. App. Nov. 10, 2005). The court of appeals also denied reconsideration on January 9, 2006. People v. Dunlap, No. 266254 (Mich. Ct. App. Jan. 9, 2006). Petitioner filed a pro se application for leave to appeal in the Michigan Supreme Court.

On February 14, 2006, the trial court issued an order denying Petitioner's "revised motion to supplement his prior motion for reconsideration" of the trial court's October 19, 2004 order. People v. Dunlap, No. 90-113337-01 (Wayne Co. Cir. Ct. Feb. 14, 2006).

On May 30, 2006, the Michigan Supreme Court denied leave to appeal in a standard order. People v. Dunlap, No. 130640, 475 Mich. 873 (2006).

On April 24, 2007, Petitioner filed the instant petition under § 2254. The petition is over 100 pages and raises nine claims for relief.

III.

There is a one-year limitations period on petitions. See 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any

3

impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

A.

Here, the Michigan Court of Appeals denied Petitioner's application for leave to appeal on direct review on December 30, 2002. Petitioner then had 90 days in which to file a petition for a writ of certiorari with the Supreme Court; Petitioner did not do so. Accordingly, Petitioner's convictions became final on or about March 30, 2003 when the time for seeking certiorari expired.

Petitioner therefore had one year, or until March 30, 2004, in which to file a habeas petition. However, on April 30, 2003, Petitioner filed a motion for relief from judgment in the trial court. Under § 2244(d)(2), the filing of this petition initially tolled the statute of limitations. By this time, approximately 30 days of the statute had run (from March 30, 2003 to April 30, 2003).

On October 19, 2004, the trial court denied the motion for relief from judgment. Under applicable Michigan Court Rules, Petitioner had 12 months from the date of the order in which to file a delayed application for leave to appeal. See M.C.R. 6.509(A). Petitioner, however, did not file a delayed application until October 31, 2005 - about two weeks after the expiration of the 12 month period.

The court of appeals dismissed the delayed application due to Petitioner's untimely filing. The court of appeals also noted that Petitioner could have delayed the

4

12 month period by timely filing a motion for reconsideration in the trial court (within 21 days of the trial court's order). However, as will be explained in further detail below, Petitioner did not timely file his motion.

The question becomes the tolling effect of Petitioner's motion for relief from judgment. Section 2244(d)(2) tolls the limitations period during the time that a "properly filed" application for state postconviction relief is pending. The Supreme Court has made clear that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis added).

Here, Petitioner's motion for relief from judgment was "properly filed" up until October 19, 2005, the last day on which he could have timely filed a delayed application for leave to appeal in the court of appeals. After October 19, 2005, Petitioner's motion for relief from judgment ceased to be pending and was no longer "properly filed" under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). Indeed, the Supreme Court recently reiterated the holding in Pace, stating that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Allen v. Siebert, 128 S. Ct. 2, 4 (2007) (quoting Pace, 544 U.S. at 414, quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). See also Palmer v. Lavigne, 43 Fed. Appx. 827, 828 & n. 1 (6th Cir.2002).

As noted above, the statute of limitations began running again on October 20, 2005. Because 30 days had already expired, Petitioner had 11 months, or until September 20, 2006 in which to file a petition. Petitioner did not file his petition until April 2007, well beyond this date. As such, the petition is untimely.

B.

1.

Petitioner argues that, even if his petition was untimely, he should be entitled to equitable tolling. In <u>Dunlap v. United States</u>, 250 F. 3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that habeas petitions are subject to equitable tolling under the five-part test set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988) which provides:

> (1)the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Dunlap</u>, <u>supra</u> at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. <u>Griffin v. Rogers</u>, 308 F.3d 647, 653 (6th Cir. 2002).

2.

Petitioner says that had he known that the trial court did not receive his motion for reconsideration within the 21 day period he would have diligently filed a delayed application for leave to appeal in the court of appeals - within the 12 month period. Petitioner says he did not receive notice of the trial court's October 19, 2004 order until October 25, 2004. Assuming this is true, Petitioner still had 15 days in which to file a timely motion for reconsideration in order to toll the 12 month period for filing a delayed

6

application for leave to appeal. That is more than sufficient time to submit a timely motion for reconsideration. Moreover, although Petitioner asserts that he missed the filing deadline for a motion for reconsideration by one day - he says he filed a motion for reconsideration on November 10, 2004, records from the Wayne County Circuit Court docket sheet show that such a motion was not filed at any time in November 2004. Even so, November 10, 2004 was more than 21 days after entry of the trial court's order denying the motion for relief from judgment. Moreover, in a letter from the Director of Case Processing for the Wayne County Circuit Court, dated June 29, 2005, Petitioner was informed that his motion for reconsideration was "received on or around May 10, 2005 and recorded onto the case history as of December 15, 2004." Thus, Petitioner had notice in June of 2005 that his motion for reconsideration was untimely. This was prior to the expiration of the 12 month period in which he could have sought leave to appeal in the court of appeals. Petitioner's failure to file a delayed application for leave to appeal before October 20, 2005 in order to preserve his appellate rights does not demonstrate that he was diligent in pursuing his rights or otherwise show he is entitled to equitable tolling.

3.

Petitioner also asserts that he actually innocent. Actual innocence is a valid ground upon which Petitioner may avoid the statute of limitations. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005). However, Petitioner must satisfy the standard under Schlup v. Delo, 513 U.S. 298 (1995) which requires that put forth new reliable evidence that demonstrates "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" Souter, 395 F.3d at 600.

Petitioner has not met this standard. While he says that the evidence was circumstantial, he presented a sufficiency of the evidence claim on direct appeal. The Michigan Court of Appeals rejected the claim, explaining:

> There was evidence that defendant had a gun and that he arranged for a group of men to come to the victims' apartment to buy drugs. There was evidence that defendant was standing over one of the victims as the victim lay bound with duct tape, in the floor. There was evidence that one of the victims called defendant by named and pleaded "no," just before he was shot, and that, as the shooting began, defendant urged the others to hurry. As the trial court noted in its findings, the evidence showed that defendant was more than a "mere participant. He as actually the principal involved in this case." The evidence, viewed in a light most favorable to the prosecution, was sufficient to support a finding by the trial court that defendant was guilty of the charged crimes beyond a reasonable doubt.

People v. Dunlap, No. 231258 slip op. at 2.

V.

For the reasons stated above, the petition is DISMISSED for failure to comply with the statute of limitations.

SO ORDERED.

_____

Dated: November 13, 2008        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Allon Dunlap, 322241, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive , Muskegon Heights, MI 49444  and the attorneys of record on this date, November 13, 2008, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160