UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLON DUNLAP,

        Petitioner,                              Case No. 07-CV-11774
                                                          HON. AVERN COHN

v.

MARY BERGHUIS,

        Respondent.
_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Allon Dunlap (Petitioner) filed a pro se petition for a writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. The Court dismissed the petition as untimely. See Order of Dismissal, filed November 13, 2008.

Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion is DENIED.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the

petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

As fully explained in the November 13, 2008 order, the petition was clearly time-barred and Petitioner is not entitled to equitable tolling. Petitioner's motion essentially presents the same arguments previously considered and rejected and fails to convince

the Court that its decision was in error. Reasonable jurists would not debate the Court's conclusions or find that the petition should proceed further.

 SO ORDERED.


Dated: January 6, 2009        s/Avern Cohn
               AVERN COHN
               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to and Allon Dunlap 322241, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 the attorneys of record on this date, January 6, 2009, by electronic and/or ordinary mail.

               s/Julie Owens
               Case Manager, (313) 234-5160